ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JOSE E. ROSARIO-FABREGAS<br><br>**Peticionario**<br><br>v.<br><br>DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS<br><br>**Recurridos** | **TA2025CE00677** | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil núm.:<br>**K2AC2025-8041**<br><br>Sobre:<br>**Ley 22 de Tránsito** |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de octubre de 2025.

Comparece ante nos por *derecho propio* José Rosario-Fábregas, en adelante, Rosario-Fábregas o peticionario, solicitando que revisemos la determinación de *"No Ha Lugar"* sobre el Recurso de Revisión de Infracción de Tránsito, instando por este ante el Tribunal de Primera Instancia, Sala Superior de San Juan, en adelante, TPI-SJ, la cual fue notificada el 24 de septiembre de 2025.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del recurso.

**I.**

El 22 de julio de 2025, un agente de la Policía de Puerto Rico le impuso una multa a Rosario-Fábregas, al amparo del Artículo 6.19(a)(1) de la Ley de Vehículos y Tránsito de Puerto Rico, en adelante, Ley de Tránsito, Ley Núm. 22-2000, 9 LPRA sec. 5169.[1] La misma respondió a que el peticionario estacionó su vehículo de

---
[1] Apéndice del recurso, pág. 12.

motor en una acera de la Calle 44 S.E. en el Municipio de San Juan.[2]

Surge de los documentos que obran en autos, que el 31 de julio de 2025, el peticionario renovó su marbete.[3] Para ello, tuvo que pagar la multa objeto de la controversia.

Sin embargo, el 8 de agosto de 2025, Rosario-Fábregas radicó un Recurso de Revisión por el mencionado boleto, ante el TPI-SJ.[4] En la vista realizada al respecto, compareció el peticionario y el Agente de la Policía que emitió el boleto.[5] Así, el 24 de septiembre de 2025, el TPI-SJ notificó su *"Resolución sobre Recurso de Revisión de Infracciones de Tránsito"*, declarando *"No Ha Lugar"* el mismo.[6]

Inconforme, el 24 de octubre de 2025, Rosario-Fábregas radicó ante esta Curia un recurso de *Certiorari* en el que solicitaron que revoquemos la determinación recurrida, y cancelemos la multa efectuada en su contra, y ordene al Departamento de Hacienda que devuelva el monto pagado por esta.

Al amparo de la facultad conferida por la Regla 7(B)(5) de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), prescindimos de la comparecencia del recurrido, y procedemos a expresarnos

**II.**

**A. Certiorari**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v.*

---

[2] Apéndice del recurso, pág. 6.
[3] *Íd.*, pág. 10.
[4] *Íd.*, pág. 1 y la Resolución recurrida.
[5] Resolución recurrida.
[6] *Íd.*

*Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020).

El recurso ante nuestra consideración está regulado por una Ley especial, la Ley de Tránsito, supra. La misma establece un proceso de revisión de multas de tránsito en el Foro Primario. Ahora bien, nada establece el antedicho estatuto con relación al proceso apelativo para impugnar la determinación del Tribunal de Primera Instancia, respecto a estas multas. Sin embargo, el Artículo 4.006, inciso (b) de la Ley de la Judicatura, 4 LPRA 24y, dispone que el Tribunal de Apelaciones entenderá "[m]ediante auto de *Certiorari* expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia".

Esta discreción ha sido definida en nuestro ordenamiento jurídico como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No figura como un permiso para actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por consiguiente, para determinar si procede la expedición de este recurso debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, pág. 59.

La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).

La precitada Regla dispone lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Reglamento del Tribunal de Apelaciones, supra, pág. 59. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la

discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Además, es norma reiterada en nuestro ordenamiento que la apreciación de la prueba corresponde, originalmente, al foro sentenciador. Los tribunales apelativos solo intervenimos con dicha apreciación cuando se demuestra satisfactoriamente la existencia de pasión, prejuicio, parcialidad o error manifiesto. *Rivera Menéndez v. Action Services*, 185 DPR 431, 448 (2012); *Pueblo v. Maisonave*, 129 DPR 49 (1991). Es ante la presencia de alguno de estos elementos o cuando la apreciación de la prueba no concuerde con la realidad fáctica, sea inherentemente increíble o claramente imposible, que se intervendrá con la apreciación efectuada. *Pueblo v. Irizarry*, 156 DPR 780, 789 (2002); Regla 42.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2. La política jurídica tras esta normativa es dar deferencia a un proceso que ha ocurrido esencialmente ante los ojos del juzgador. Es ese juzgador de instancia quien observa el comportamiento de los testigos al momento de declarar y partiendo de eso adjudicó la credibilidad que le mereció. *SLG Rivera Carrasquillo v. AAA*, 177 DPR 345, 357 (2009).

De otra parte, cuando se evalúa la prueba documental, el foro apelativo se encuentra en la misma posición que el foro de instancia. Al tener ante sí los mismos documentos que desfilaron ante el juzgador de instancia, no hay emociones o

comportamientos que el juzgador apelativo esté dejando fuera de la ecuación. "Somos conscientes, naturalmente, que en relación con la evaluación de la prueba documental este tribunal está en idéntica situación que los tribunales de instancia". *Trinidad v. Chade*, 153 DPR 280, 292 (2001), citando a *Díaz García v. Aponte Aponte*, 125 DPR 1 (1989), y a *Ramírez, Segal & Látimer v. Rojo Rigual*, 123 DPR 161 (1989).

### B. Recurso de Revisión Judicial por Multa de Tránsito

El procedimiento de revisión judicial de falta administrativa que se lleva a cabo para la impugnación de un boleto de tránsito es uno de naturaleza civil, no criminal.

A esos efectos, el Artículo 23.05 (a) de la Ley de Tránsito, supra, sec. 5685, establece que "[l]os agentes del orden público quedan facultados para expedir boletos por cualesquiera faltas administrativas de tránsito". En el mismo Artículo, el legislador establece el trámite a seguir por una persona que no está de acuerdo con una falta administrativa de tránsito impuesta. Artículo 23.05(l) de la Ley de Tránsito, supra, sec. 5685. Estas personas podrán presentar el correspondiente recurso de Revisión Judicial ante el Tribunal de Primera Instancia dentro de los treinta (30) días de la notificación del boleto. Una vez recibido el recurso de revisión, el tribunal señalará la celebración de una vista para atender los méritos del recurso instado. Consideradas las cuestiones de hecho y de derecho que dieron lugar a la imposición y notificación de la falta administrativa, el adjudicador dictará la correspondiente Resolución en el caso, la cual tendrá carácter de final y definitiva. Ley de Tránsito, supra, sec. 5685; *Torres et al. v. Mun. San Juan*, 208 DPR 586, 595 (2022); *Hernández v. Secretario*, 164 PR 390, 397 (2005).

**III.**

El peticionario recurre ante nos solicitando que revoquemos la determinación del TPI-SJ, en la que declaró *"No Ha Lugar"* su recurso de Revisión Judicial. Sostiene que la multa impuesta era improcedente, puesto que en el lugar había vehículos estacionados, según su apreciación, todavía peor que el suyo. En las fotos que apreció el Foro Primario y este Tribunal, el peticionario sostiene que su "vehículo no obstruye la acera comparativamente", pero "fue el único vehículo multado en la calle".[7] Aduce que solo en la esquina en donde estacionó su vehículo, se impartían multas.

Según expresáramos previamente, al considerar un recurso de esta naturaleza, debemos pasar juicio sobre cualquier actuación que contemple perjuicio, error o abuso discrecional. Luego de un examen sosegado del expediente ante nos, concluimos que estamos impedidos de expedir el mismo. Lo cierto es que no hemos identificado perjuicio, parcialidad o abuso de discreción en la determinación del TPI-SJ.

Además, según los criterios evaluativos de la Regla 40 de nuestro Reglamento, supra, estamos impedidos de entrar en los méritos de la polémica ante nos, si no se demuestra fracaso irremediable de la justicia. Este Tribunal ha evaluado detenidamente el expediente y no encontramos razón en derecho que justifique revocar la multa impuesta.

**IV.**

Por los fundamentos antes esbozados, *denegamos expedir el recurso de certiorari.*

---

[7] Apéndice del recurso, pág. 5.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones